ROSWELL HUBBARD *vs.* EDWARD SMITH.

A certificate of discharge, obtained by an insolvent debtor under the name of Edward P. Smith, is a bar to an action against him on a contract executed by him under the name of Edward Smith before the commencement of the proceedings in insolvency, if he used both names in his business, although the plaintiff knew him only by the name of Edward Smith, and did not know of the proceedings in insolvency.

ACTION OF CONTRACT on a judgment recovered against the defendant, by the name of Edward Smith, on a note executed by him in that name. Answer, a certificate of discharge under the insolvent laws, obtained upon proceedings commenced since the recovery of the judgment, and conducted under the name of Edward P. Smith.

The parties submitted the case to the decision of the court upon the following statement of facts : " The defendant, previously to said proceedings, had used the name of Edward P. Smith, and also the name of Edward Smith, in business transactions, but there was no evidence that the plaintiff knew him by any other name than that of Edward Smith, or that he knew of the insolvent proceedings. When the note was given, and the insolvent proceedings were had, the plaintiff lived in Hatfield, and the defendant in North Hadley, (a part of Hadley,) adjacent towns, with Connecticut River between them, but subsequently the defendant removed to Boston, where he has been engaged in business. Smith is a very common name in Hadley,

but there was no evidence that there was any other person in Hadley of the name of Edward P. Smith, except the defendant."

*C. P. Huntington*, for the plaintiff. Edward Smith and Edward P. Smith are different names. Whatever precedes the last name is part of the Christian name. *Commonwealth* v. *Perkins*, 1 Pick. 388. *Commonwealth* v. *Hall*, 3 Pick. 262. *Lanesborough* v. *New Ashford*, 5 Pick. 190. *Hemmenway* v. *Hicks*, 4 Pick. 497, 498. Jacob's Law Dict. "Misnomer." The parties resided in different towns, and had no business connection ; and the name of Smith was a very common name in the town where the defendant resided. The defendant, having dealt with the plaintiff by the name of Edward Smith only, should be estopped from setting up against him a certificate of discharge obtained by another name upon proceedings of which the plaintiff had no notice. *Slasson* v. *Brown*, 20 Pick. 436. *Walker* v. *Willoughby*, 2 Marsh. 230, and 6 Taunt. 530. *Collins* v. *Douglass* was decided on the ground that there were other circumstances so direct and significant that the plaintiff must have understood who was intended by the notice. 1 Gray, 171.

*I. F. Conkey*, for the defendant. This discharge is a bar to the action. The law knows but one Christian name. The insertion or omission of a middle name is immaterial. It is no part of the name. *Collins* v. *Douglass*, 1 Gray, 167. *Isaacs* v. *Wiley*, 12 Verm. 674. *Roosevelt* v. *Gardinier*, 2 Cow. 463. *Franklin* v. *Talmadge*, 5 Johns. 84. 2 U. S. Dig. Suppt. Name, pl. 6, 9. U. S. Dig. 1848, Name, pl. 2, 3. U. S. Dig. 1853, Name. The insolvent law does not require any personal notice to creditors. The facts find that the judgment debtor and the person discharged in insolvency were the same person ; and it does not appear that the initial letter P. was inserted or omitted with the intention of defrauding the plaintiff.

DEWEY, J. The point, upon which this case turns, is not exactly whether a party having a double Christian name, or a middle name, habitually by him used, and by which he is known, can properly be made a party to legal proceedings by the use of a single Christian name, omitting wholly the addition

thereto.  If it were so, our decisions in the cases of *Common-wealth* v. *Perkins*, 1 Pick. 388, and *Commonwealth* v. *Hall*, 3 Pick. 262, would seem pretty strong authorities for requiring the use of the middle name or its initial in all legal proceedings.    The case of *Collins* v. *Douglass*, 1 Gray, 167, may be thought to modify the rule to some extent, when, from other parts of the description of the case or parties, it is made apparent to the reader who was the person really intended.    The cases in New York seem contrary to our earlier decisions, above referred to.

But the question arising upon the facts here stated is a different one.    It is whether a discharge in proceedings in insolvency under *St.* 1838, *c.* 163, in which the party was described as Edward P. Smith of Hadley, (such being the name which he had used in business transactions, as well as that of Edward Smith, and by which name and description he was equally well known in his business transactions with others than the plaintiff,) is a good discharge of a contract made previously by the name of Edward Smith, the identity of the party who was thus discharged, with the party who made the note upon which this suit is brought, being admitted.

In reply to an alleged misnomer, it may be averred that the party is as well known by the name by which he is described, as by a certain other name by which he was also known.    As we understand the case, the proceedings in insolvency were properly against the defendant by the name of Edward P. Smith. The identity of person is not denied, and there is no evidence that there was any person other than the defendant, residing in Hadley, of the name of Edward P. Smith.

The court are of opinion, that, upon the facts stated by the parties, the discharge is available to the defendant, and that there must be                          *Judgment for the defendant.*